ALEXANDER J. HOWELL, RESPONDENT, *v.* HENRY K. VAN SICLEN, AND OTHERS, AS EXECUTORS, ETC., APPELLANTS.

### THE SAME *v.* THE SAME.

*Costs — judgment reversed on appeal, "costs to defendant to abide event" — only affects costs of appeal.*

Upon appeal from a judgment recovered by the plaintiff a new trial was granted, "with costs to the defendant to abide the event." Plaintiff having recovered a judgment upon the new trial, taxed his costs for both trials. *Held*, that he was entitled so to do ; that the order of the General Term only deprived him of the costs of the appeal.

APPEAL from an order of the Special Term affirming a taxation of costs by the clerk.

The case was twice tried, resulting in a judgment each time in favor of the plaintiff.

. Upon an appeal from the first judgment a new trial was granted " with costs to the defendant to abide the event."

Upon the taxation of costs after the second trial, plaintiff was allowed to include the bill of costs taxed upon the first trial.

The defendant, upon the taxation, " objected and excepted to each and every item in the foregoing bill of costs taxed on the first trial, on the ground of the language of the judgment of reversal, that only defendants should have costs on the new trial, if successful."

There was no question as to the propriety of the taxation, unless the order of reversal, by its terms, precluded it.

*Geo. W. Van Siclen,* for the appellant.

*E. I. Spink,* for the respondent.

BRADY, J. :

When a new trial is ordered the costs of the appeal are in the discretion of the court. (Code, § 306 ; *Ayers* v. *Western Railroad Co.,* 49 N. Y., 660 ; *Sturges* v. *Spofford,* 58 id., 103.)

The costs in the action are a statutory right dependent upon success, except when they are as in certain cases designated (Code,

§ 306, *supra*), in the discretion of the court. When this court granted a new trial with costs to the defendant to abide the event, it was the costs of the appeal and not the costs in the action which were allowed. The plaintiff having succeeded was entitled to costs, but the defendant having reversed the judgment was allowed costs of the proceeding taken by him for that purpose, provided he succeeded in the action. The plaintiff could not have them in any event, because he did not maintain his judgment. The defendant was not, when the appeal was taken, entitled to costs; he had not succeeded in the action; and the presumption must be against him, if any be indulged in, where the reversal of the judgment rests upon some error committed upon the trial. He was not the successful party, and still, insisting upon his non-liability for the plaintiff's claim, he demanded a new trial. He was again unsuccessful, and the plaintiff became by the operation of the statute entitled to the costs in the action, except the costs of the appeal. These costs were awarded him, and properly. He was the successful party. The provision in the Code allowing a party to offer to let the plaintiff take judgment for a sum named, was designed to protect him against unnecessary litigation; and where he does not avail himself of it the burden imposed by the controversy is voluntarily assumed. He cannot complain if proceedings which he has rendered necessary by his refusal to pay or adjust a legal demand are attended with expenses which he is required to pay.

We think, for these reasons, that the appeal from the taxation was not well taken, and that the order appealed from relating thereto should be affirmed with ten dollars costs and the disbursements of this appeal. We have examined the appeal from the order making an allowance of five per cent on the amount of the judgment, and which is about $215. We think the various proceedings in this action, including a commission and two trials, will warrant the allowance made.

We think the order in that respect should also be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Orders affirmed with ten dollars costs and disbursements.